Geoffrey J. McConnell, ISB #4807
Chad M. Nicholson, ISB #7506
827 East Park Boulevard, Suite 201
Boise, Idaho 83712
Telephone:  (208) 489-0100
Facsimile:   (208) 489-0110
mcconnell@mwsslawyers.com
nicholson@mwsslawyers.com
I:\10289.002\PLD\10.28.15 Response to Mtn to Enlarge Time for Discovery.docx

Attorneys For Plaintiffs Tri-State Electric, Inc.,
and Apex Enterprises, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRI-STATE ELECTRIC, INC., an Idaho corporation, and UNITED STATES OF AMERICA for the use and benefit of APEX ENTERPRISES, INC., an Idaho corporation<br><br>                         Plaintiffs,<br><br>     vs.<br><br>WESTERN SURETY COMPANY, a South Dakota corporation, and SYGNOS, INC., a California corporation;<br>                         Defendants.<br>_____<br><br>SYGNOS INC., an Arizona corporation,<br><br>                         Counterclaimant,<br><br>APEX ENTERPRISES, INC., an Idaho corporation,<br><br>                         Counterdefendant. | **Case No. 1:14-cv-00245-EJL**<br><br>**RESPONSE TO DEFENDANTS' MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY AND FOR DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES**<br>**[DOCKET NO. 32]** |

**RESPONSE TO DEFENDANTS' MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY AND FOR DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES [DOCKET NO. 32] – Page 1**

**COMES NOW,** Tri-State Electric, Inc., and Apex Enterprises, Inc., (collectively "Plaintiffs") by and through their counsel of record, Geoffrey J. McConnell and Chad M. Nicholson, of McConnell Wagner Sykes & Stacey, PLLC and submit this Response to Defendants' Motion to Enlarge Time for Completion of Discovery and for Defendants' Disclosure of Expert Witnesses [Docket No. 32] ("Response").

## I.     PROCEDURAL HISTORY

On September 26, *2014*, the Court, per stipulation, entered a scheduling order ("Order") governing this case. The Order set August 21, 2015 as the deadline for Plaintiffs to disclose expert witnesses and September 18, 2015 as the deadline for Western Surety Company ("WSC") and Sygnos, Inc. ("Sygnos") (collectively "Defendants") to disclose expert witnesses. Dkt. No. 14. Plaintiffs were to disclose rebuttal expert witnesses by October 1, 2015. *Id*. The deadline to complete all discovery and mediation was set as October 23, 2015. *Id*. Pre-trial motions were and are to be filed by November 13, 2015. *Id*. On July 29, 2015, the expert witness disclosure deadlines were extended to September 30, 2015, October 18, 2015, and November 1, 2015 to provide Defendants additional time to resolve their discovery issues. Dkt. Nos. 26 and 27.

On October 14, 2015, Defendants moved to extend the deadline to complete discovery to December 7, 2015. Dkt. No. 32 ("Motion"). Defendants also seek to extend the remaining expert deadlines to November 17, 2015 and December 1, 2015. *Id*. As set forth below, Defendants have been dilatory in their pursuit of discovery. However, as an accommodation to Defendants and in an attempt to compromise, Plaintiffs do not oppose the following modifications of the Court's Order:

1. Defendants shall have until November 12, 2015 to complete the depositions of individuals noticed as of today's date, *i.e.* Max Stith, Phil Bassick, Mari Young, Antonio Carone, John Balch and Excell Consulting.

2. The parties shall have until November 6, 2015 to complete supplementation of written discovery that was propounded prior to October 28, 2015.

3. No additional written discovery may be propounded by either party.

4. Defendants will provide expert witness disclosures in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) on or before November 17, 2015.

5. Plaintiffs will be permitted to continue the depositions of Darin Walters, Phil Pownell, and Pat Sheely and to take the depositions of any expert witnesses disclosed by Defendants between November 18, 2015 and December 4, 2015. These deponents will appear for deposition in Boise, Idaho at a time and place convenient to the plaintiffs. Defendants shall bear the cost producing these deponents in Boise, Idaho.

6. Plaintiffs will provide rebuttal expert witness disclosures on or before December 9, 2015.

7. The deadline for filing pre-trial motions will be extended to December 23, 2015.

## II.   FACTUAL BACKGROUND

On September 21, 2015 Plaintiffs' counsel advised that he intended to take the depositions of Darin Walters, Phil Pownell, and Pat Sheely (collectively "Defendants' Witnesses") after the to-be scheduled mediation. *Ex. A* to the *Declaration of Geoffrey J. McConnell in Response to Motion to Enlarge Time for Completion of Discovery and for Defendants' Disclosure of Expert Witnesses [Docket No. 32]* ("*McConnell Decl.*"), filed concurrently herewith. On this same date, Defendants' counsel advised that Defendants intended to take the depositions of "Dan Sweig and representatives for Tri-State" after the to-be scheduled mediation. *Id*. Defendant's counsel later advised Defendants wished to depose Antonio Carone, Dan Sweig, Tri-State under a Rule 30(b)(6) notice, and John Balch with Excell Consulting. *Id*. at *Ex. B*.

On September 23, 2015, the parties agreed to mediate this matter on October 14, 2015. *Id*. at ¶ 5 and *Ex. C*. The next day, having confirmed the witnesses and defense counsel's availability, Plaintiffs served deposition notices that scheduled depositions of Defendants' Witnesses for

October 20 and 21, 2015.[1]  *Id*. at ¶ 6.  These dates were selected so that Plaintiffs' counsel could depose the witnesses after having received Defendants expert witness disclosures.  *Id*.

On September 30, 2015, Plaintiffs disclosed Connie M. Murphy, CPA, and Eric Fruchtman, PE, as retained expert witnesses.  *Id*. at ¶ 7.  The disclosures included reports by both Ms. Murphy and Mr. Fruchtman.  *Id*. at *Exs. D* and *E*.  Each report set forth the experts opinions and identified the information and documents relied upon in forming such opinions.  *Id*.

On or about October 8, 2015, the mediation was rescheduled to October 13, 2015 at the mediator's request.  *Id*. at ¶ 8.  That same day, Defendants served deposition notices for Antonio Carone, Dan Sweig, Excell Consulting and John Balch.  *Id*. at ¶ 10 and *Exs. F*, *G*, *H*, and *I*.  Mr. Carone's and Mr. Sweig's depositions were scheduled for October 27, 2015 and October 28, 2015.[2]  *Id*. at *Exs. F* and *G*.  The depositions of Excell Consulting and John Balch were scheduled for November 12, 2015.  *Id*. at *Exs. H* and *I*.  Additional deposition notices were served on October 9, 2015 for Max Stith, Phil Bassick and Mari Young.  *Id*. at ¶ 11 and *Exs. J*, *K*, and *L*.  Mr. Stith's and Mr. Bassick's depositions were scheduled for October 29, 2015.  *Id*. at *Exs. J* and *K*.  Ms. Young's deposition was scheduled for October 30, 2015.  *Id*. at *Ex. L*.

At approximately 3:00 p.m. on Friday, October 9, 2015, Defendants requested for the first time additional information in connection with Plaintiffs' expert disclosures.  *Id*. at ¶ 12 and *Ex. M*.  Defendants demanded that Plaintiffs "identify, with specificity by bates number, the documents reviewed by and relied upon by" each expert and further claimed that without bates numbers, their experts were "***completely*** unable to verify and test" the conclusions reached by Plaintiffs' experts.  *Id*. at *Ex. M*.  Plaintiffs and Plaintiffs' counsel spent Monday, October 12,

---

[1] On October 2, 2015 amended deposition notices were served.  *McConnell Decl*. at ¶ 8.  The amended advised that the depositions would be videotaped.  *Id*.
[2] At the request of Plaintiffs' counsel, Mr. Carone's deposition was moved to November 3, 2015.

**RESPONSE TO DEFENDANTS' MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY AND FOR DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES [DOCKET NO. 32] – Page 4**

2015, preparing for the October 13, 2015 mediation scheduled in this matter. *Id*. at ¶ 13. The mediation transpired all day on October 13, 2015. *Id*.

On October 14, 2015, Defendants moved to extend the deadline to complete discovery to December 7, 2015. Dkt. No. 32 ("Motion"). Defendants also seek to extend the remaining expert deadlines to November 17, 2015 and December 1, 2015. *Id*.

### III.  RESPONSE ARGUMENT

#### A. *Plaintiffs did not agree to an extension of the discovery deadline to allow Defendants to conduct depositions.*

Plaintiffs never agreed to extend the discovery deadline. Defendants do not contend that Plaintiffs entered such an agreement. Dkt. No. 32-2 at ¶ 5. Rather, the parties simply indicated their mutual intent to conduct discovery depositions after mediation, *i.e.* October 13, 2015. *Id*.

On September 23, 2015 the parties agreed to mediate this matter on October 14, 2015. All parties and counsel were aware that if mediation was unsuccessful, only seven (7) business days remained to complete discovery, including depositions. With this knowledge, on September 24, 2015, Plaintiffs scheduled depositions for October 20 and 21, 2015 – after mediation but before the close of discovery. In contrast, Defendants waited over two (2) weeks – until October 8, 2015 – to begin scheduling depositions and, without consulting Plaintiffs' counsel and in blatant disregard of the discovery deadline, scheduled each deposition *after* the discovery deadline. If Defendants believed they could not complete depositions between October 14, 2015 and October 23, 2015, it was incumbent on them to either (1) schedule depositions prior to the mediation (2) seek a stipulation to continue the discovery deadline for specified depositions, or (3) promptly file a motion with the Court explaining why it could not complete the depositions by the discovery deadline. Defendant took none of these actions. Instead, Defendant waited until just nine (9) days

before the discovery deadline to seek relief despite the clear conflict between such deadline and Defendants' deposition schedule.

Despite Defendants disregard of the Court's Order, Plaintiffs have agreed to accommodate Defendants by producing Dan Sweig and Antonio Carone for deposition after discovery has closed. This accommodation is not a waiver of Plaintiffs objection to Defendants' Motion and Plaintiffs object to any other extension of the discovery deadline (and/or expert disclosure deadline).

Plaintiffs scheduled and completed their depositions after mediation and before the discovery deadline. Nothing prevented Defendants from doing the same other than their own neglect and conscious delay in pursuing discovery. An extension of the discovery deadline rewards Defendants' dilatory behavior and will frustrate and prejudice Plaintiffs' ability to adequately prepare pre-trial motions by the November 13, 2015 deadline. Defendants have ***not*** established that good cause exists to extend the discovery deadline.

### B. *Plaintiffs' expert witness disclosures comply with Rule 26(a)(2)(B) and Defendants' were obligated to provide expert witness disclosures on or before October 18, 2015.*

Defendants claim that they were unable to comply with their October 18, 2015 expert witness disclosure deadline because they were "*completely*" unable to evaluate Plaintiffs' expert reports. Defendants' assert that Plaintiffs' failure to identify the bates numbers of the documents reviewed and relied upon by their experts mandates a 30 day enlargement of time. These claims are without merit and do not excuse Defendants' failure to disclose anything about their expert witnesses by the October 18, 2015 deadline. Nor does the failure to provide bates numbers justify an extension of the expert disclosure deadlines.

///

///

*1. Plaintiffs' expert reports identified the facts and data considered by the witnesses.*

Expert witness disclosures must include "a written report-prepared and signed by the witness" that contains the following information:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

F.R.C.P. 26(a)(2)(B)(i)-(vi).

"The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'" *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (*quoting Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Reed*, 165 F.R.D. at 429. A report fails to satisfy Rule 26 if the other party is forced to depose each expert in order to determine the content and basis of their opinion. *Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 54 (S.D. W. Va. 1995). A party is generally forced to depose an expert if the expert's report "refer[s] to massive amounts of documents as the basis for the opinions which are expressed in vague terms, with few specific references." *Id.*

While Rule 26 requires an expert report to sufficiently identify the documents and facts the expert relied on, the Rule "does not require documents to be identified by Bates-stamp, only that the documents be clearly identified." *Cont'l Ins. Co. v. Chase Manhattan Mortg. Corp.*, 59 F. App'x 830, 838 (7th Cir. 2003) (discussing the similar Rule 33(d) requirement that a party

sufficiently identify records when responding to interrogatories). A party can comply with Rule 26 and clearly identify the documents, without providing bates numbers, by providing information that adequately describes the relevant documents and gives the opposing party the ability to locate the document. *Id*. at 839 (identifying the documents in a loan file by loan number was sufficient were the loan number could be used to find the documents). *But see United States ex rel. Loi Trinh v. Northeast Med. Servs.*, 2014 U.S. Dist. LEXIS 122837, *7-8 (N.D. Cal. Sept. 2, 2014) (holding that the government's disclosure only identified large categories of documents and requiring government to supplement disclosure by identifying the specific documents bates number).

In *Smith v. State Farm Fire & Cas. Co.*, the court found that the expert reports did not sufficiently identify the documents relied upon where the reports included no exhibits and the experts stated that they may rely on "any State Farm documents produced by plaintiffs in responding to State Farm's discovery," which amounted to twelve boxes of documents. *Smith*, 164 F.R.D. at 51.

Plaintiffs produced the expert reports of Connie M. Murphy, CPA, ("Murphy Report") and Eric Fruchtman, PE, ("Fruchtman Report") (collectively the "Reports"). *McConnell Decl*. at ¶ 7 and *Exs. D* and *E*. The Reports identified the documents each expert relied on by referencing the documents by title or description. *Id*. at *Exs. D* and *E*. The titles and descriptions used are not foreign to Defendants. They are common in the construction industry. The Defendants have used the same titles and descriptions when referring to and identifying the documents.

The Murphy Report identified three finite categories of documents she considered when making her calculations and forming her opinion: Annual Compiled or Reviewed Financial Statements, Invoice Register with Detail, and General Ledger. *Id*. at *Ex. D*. The only expert opinion rendered by Ms. Murphy was an allocation of general overhead pertinent the project in

question for certain periods of time. *Id*. The Murphy Report identifies the specific costs and revenues used for making the allocation. *Id*. All of these costs and revenues are found on the Annual Compiled or Reviewed Financial Statements. *See id*. Moreover, the documents that contain the relevant data for Murphy's opinions were provided on September 4, *2014* – over one year before Defendants' expert disclosure deadline. *Id*. at ¶ 15 and *Ex. O*. Defendants cannot reasonably assert that they were unable to identify the documents that Murphy utilized in allocating Apex Enterprises' overhead expenses for the Eichleay Formula.[4]

Likewise, the Fruchtman Report identified and provided the facts and data Fruchtman considered when forming his opinions. The Fruchtman Report contains a detailed list of specific documents considered. *Id*. at *Ex. E*. Twenty-six (26) documents were provided with the report as exhibits. *Id*. Each separate opinion identifies specific documents that were relied upon for that opinion. With the exception of the daily logs and project schedules (both of which were produced by defendant Sygnos), documents relied upon were attached to the report as exhibits.[5] *See generally id*.

Additionally, Fruchtman identified the following as documents he considered when forming his opinions:

- Contracts (AEI, TSE, Prime)
- Daily Logs
- Requests for Equitable Adjustment
- Project Schedules
- Project Plans
- Project Specifications
- Various Project Emails and Correspondence
- Project Modifications
- Test Report

---

[4] While Plaintiffs maintain that Murphy's report sufficiently identifies the data relied upon and referenced, Plaintiffs have recently reproduced all of the documents referenced in the report for Defendants and will not object if Defendants promptly disclose an expert to rebut Murphy's report.

[5] Exhibit 12 was identified in the report but inadvertently omitted from the exhibits produced due to an error in scanning the document.

**RESPONSE TO DEFENDANTS' MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY AND FOR DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES [DOCKET NO. 32] – Page 9**

- Requests for Proposals
- Submittals
- Punchlist
- Interviews with Antonio Carone and Dan Sweig[6]

*Id*. These titles and/or descriptions, other than "Various Project Emails and Correspondence" are generally known and understood terms in the construction industry and refer to particular sets of documents. The documents referred to have been produced in discovery. Most of these were produced by defendant Sygnos. Defendants' possess the documents considered and can locate the documents by these titles and descriptions since Defendants use these titles/descriptions and documents on a regular basis as part of their business. Defendants' assertion that they cannot identify their own "Prime" Contract or the "Requests for Equitable Adjustment" (which they prepared and submitted to the VA) defies common sense.

Regarding the documents referred to as "Various Project Emails and Correspondence," the Fruchtman Report specifically identifies emails and letters considered. *Id*. Copies of all of the e-mails and letters Fruchtman cited by Fruchtman were provided with the Fruchtman report with the exception of Exhibit 12 which was inadvertently not produced. Exhibit 12 is a one page letter Sygnos sent to the VA. The plain language of the Fruchtman Report sufficiently identifies Exhibit 12 by stating "[o]n June 26, 2012 Sygnos advised the VA (Exhibit 12) that it would **'require a minimum of two weeks' notice to reactivate subcontractor scheduling once we are notified of a date when we can return to work.'"** *Id*. at *Ex. E* at 10 (emphasis in original). Defendants were certainly able to identify Exhibit 12 since they knew it was a communication from defendant Sygnos to the VA on June 26, 2012. Even if Sygnos had multiple communications with the VA

---

[6] References to an interview is not a reference to any document and cannot be produced or identified by bates number. The proper inquiry into this material is made by deposing the expert. Rule 26 is still complied with and the purpose of the Rule is still served despite the need for some depositions because the written report reduces the amount and extent of depositions required. *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996).

**RESPONSE TO DEFENDANTS' MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY AND FOR DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES [DOCKET NO. 32] – Page 10**

on June 26, 2012, Defendants could identify the specific letter considered by Fruchtman since his report quoted portions of the letter.  Moreover, Defendants cannot claim that they do not possess a copy of the letter given that they produced the letter in discovery.  *Id*. at ¶ 14 and *Ex. N*.  The inadvertent omission of the Exhibit 12 did not result in any prejudice or undue surprise to Defendants.

Defendants' assertion that unless the documents considered by Plaintiffs' experts are identified by bates number they cannot prepare a responsive report is belied by the foregoing. Moreover, Rule 26 does not require bates numbering.  Rule 26 requires only that the facts and data considered be identified so that a responding party understands the basis for an expert's opinion. As discussed, Plaintiffs' expert witness disclosures identified the documents relied upon with enough specificity to allow Defendants to locate the documents considered without substantial burden.  Plaintiffs' expert witness disclosures fully complied with Rule 26(a)(2)(B).

2. <u>Any alleged error in Plaintiffs' expert disclosures did not prevent Defendants obligation to disclose their own expert opinions.</u>

Defendants assert their experts were and are "***completely***" unable to address Plaintiffs' expert reports and to prepare responsive reports due to the lack of bates numbering.  As explained above, Defendants' assertion is without support as Plaintiffs complied with the requirements of Rule 26.  However, even if Plaintiffs were marginally out of compliance, the failure to identify documents by bates number does not relieve Defendants of their duty to disclose ***anything*** about their experts by October 18.  Plaintiffs' supplementation with a further identification of documents does not justify a ***30 day extension*** of Defendants' expert disclosure deadline.

A party must disclose the identity of any expert witness it intends to use at trial "at the times and in the sequence that the court orders." F.R.C.P. 26(a)(2)(D). Generally a court may extend a deadline for good cause, if the motion is made prior to the deadline and the extension

does not prejudice the adversary. F.R.C.P. 6(b)(1); *See Britton v. Dallas Air Motive, Inc.*, 2009 U.S. Dist. LEXIS 125521, *41-42 (D. Idaho Oct. 30, 2009). However, "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, … compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 126 S. Ct. 1195, 163 L. Ed. 2d 1053 (2006). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1).

**(i)    Defendants' Failure to Disclose is Harmful to Plaintiffs**

"A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mutual Group*, Inc., 268 F.R.D. 681, 683 (M.D. Fla. 2010). A party is prejudiced by a failure to disclose if the failure denies the other party a "'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (*quoting Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)). Likewise, a late disclosure is harmful if the adverse party does not have an opportunity to re-depose witnesses with respect to the expert report and information. *Hewitt*, 268 F.R.D. at 683.

Despite receiving Plaintiffs' disclosures on September 30, 2015, Defendants waited until October 14, 2015 – a mere five days prior to the scheduled depositions of Defendants' Witnesses – to file this Motion and to inform Plaintiffs of their inability to meet the disclosure deadline. Due

to Defendants' delay and in light of the considerable logistical planning[7], Plaintiffs' were compelled to to conduct the depositions without Defendants' expert witness reports. By completely failing to disclose *anything* about Defendants' expert witnesses, no discovery including anything about their opinions could take place before the discovery cutoff or the dispositive motion cutoff. If Defendants are allowed to disclose their experts after the October 18 deadline, Plaintiffs will be required to re-depose Defendants' witnesses, at substantial cost, in order to prepare their case and prevent surprise at trial. As such, Defendants' delay is not harmless. Moreover, per Defendants' current request, Plaintiffs' will be unable to address Defendants' proposed experts before the dispositive motion deadline.

**(ii)     Defendants' failure to disclose is not substantially justified.**

In addition to being harmless, a party can avoid Rule 37 sanctions if their delay was substantially justified. F.R.C.P. 37(c)(1). Whether a party's delay is substantially justified depends in part on "whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." *Caviness v. Holland*, 2011 U.S. Dist. LEXIS 31328, *6-7 (S.D. Ga. Mar. 17, 2011) (internal brackets omitted) (*quoting Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007)). When a party is aware of the need for expert testimony, "Rule 26(a)(2)(B) places an absolute duty on the party seeking to introduce the expert testimony" and missing discovery will not excuse the party's lack of diligence in securing opinions from its experts. *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2010 U.S. Dist. LEXIS 54148, *11, 2010 WL 1837724 (S.D. Fla. May 3, 2010).

In *Managed Care Solutions, Inc.*, the plaintiff provided only the names and addresses of four expert witnesses and waited until the day its expert disclosure were due to object to the

---

[7] The depositions noticed by Plaintiffs took place in San Diego, California. *McConnell Decl*. at ¶ 6.

**RESPONSE TO DEFENDANTS' MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY AND FOR DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES [DOCKET NO. 32] – Page 13**

defendants disclosures and to request more time. *Id*.  The court struck all four experts and explained that:

> The plaintiff has failed to provide this Court with any actual evidence to support its position that its failure to comply with the expert disclosure requirements was substantially justified. Instead, the plaintiff blames the defendant's alleged misconduct in discovery proceedings for the plaintiff's inability to request reports from its experts. If the plaintiff believed that it needed additional time to make complete expert disclosures, it was incumbent upon it to file a motion ***well in advance of the deadlines*** for expert disclosure and expert discovery.

*Id*. at *10-11 (internal citations omitted) (emphasis added).

If a party wishes to object to another party's disclosures, it has the opportunity to file a motion contesting the other party's expert reports, but "[t]he Court will not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied." *Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 54 (S.D. W. Va. 1995). Likewise, while subsection 26(e)(1) gives each party the opportunity "to supplement at appropriate intervals its disclosures under subdivision 26(a) if the party learns that in some material respect the information disclosed is incomplete- or incorrect," a party may not justifiably delay its disclosures based on its belief that the other party is required to supplement its expert reports. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Rather, the party should issue a report based on the evidence and facts known or believed and then supplement that report after the other party's report has been modified. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. At a minimum, a party should be able to "disclose its expert's name and limited information as to his anticipated testimony." *Caviness v. Holland*, 2011 U.S. Dist. LEXIS 31328, *20 (S.D. Ga. Mar. 17, 2011) (excluding expert where the plaintiff failed to make any disclosures until it received additional documents).

Defendants received Plaintiffs' expert witness disclosures on September 30, 2015. Defendants' waited until 3:00pm on Friday, October 9, 2015 – just one (1) business day prior to

mediation – to advise Plaintiffs' of perceived deficiencies in Plaintiffs' expert witness disclosures. Defendants waited until four (4) days prior to their deadline to inform the court and Plaintiffs that they would need an extension to complete their expert disclosures. Dkt. No. 32. Defendants blame their inability to make even limited disclosures on Plaintiffs' failure to identify the documents relied upon by bates number.

If Plaintiffs are required to supplement their expert disclosures with bates numbered documents, such supplementation does not relieve Defendants from its obligation, must less its ability, to make at least limited expert disclosures, *i.e.* names, qualifications and anticipated subject matter. Defendants' have apparently identified and hired expert witnesses. Dkt. No. 32-1 at 5 ("It is only after Plaintiffs provide an accurate and specific identification of the 'facts or data considered by the witness[es]' will Defendants ***and their experts*** be in a fair and reasonable position to be able to respond with their own expert reports.") (emphasis added). Nevertheless, Defendants have failed and refused to provide any information about their experts. Defendants' failure and refusal is without any legitimate excuse.

While courts are permitted "to excuse failures to disclose to some degree (i.e., to impose other sanctions "in lieu of this sanction") . . . [Rule 37] clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches." *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998). Furthermore, Rule 37 is "a 'self-executing,' 'automatic' sanction." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (*citing* Fed. R. Civ. P. 37 advisory committee's note (1993)). Defendants' have failed to timely disclose ***any*** information about their experts and have delayed requesting an extension of their disclosure deadline. Defendants' failure was not harmless and Defendants have provided no justification for not

complying with the October 18 deadline. As such, Rule 37 permits the exclusion of Defendants' undisclosed expert witnesses.

In addition to or instead of striking Defendants' experts under Rule 37, the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" to timely disclose the expert witnesses or timely request an extension. F.R.C.P. 37(c)(1)(A); *see also Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 684 (M.D. Fla. 2010) (recognizing the prejudice suffered by a party who is unable to utilize the other parties expert reports in depositions); *Caviness v. Holland*, 2011 U.S. Dist. LEXIS 31328, *19-20 (S.D. Ga. Mar. 17, 2011) ("Plaintiff's late disclosure of Paton was not harmless, and the Court is unwilling to force Defendants to bear the unnecessary burden and expense of extended litigation in order to permit his testimony.").

Having already incurred substantial expense in conducting the depositions of Defendants' witnesses in San Diego, California, Plaintiffs will be unjustly prejudiced if Defendants' are permitted to disclose their experts 30 days past the deadline: Plaintiffs' cannot, among other things, re-depose Defendants' witnesses without substantial costs. Rule 37 sanctions are justified because the harm to Plaintiffs is directly attributable to Defendants' failure to comply with Rule 26. As such, if Defendants' Motion is granted, Plaintiffs ask that Defendants be required to make Defendants' Witnesses available for continued depositions, after Defendants have disclosed their expert reports, at Defendants' expense and at a time and location convenient to Plaintiffs.

///

///

///

///

///

## IV.  CONCLUSION

Based on the foregoing, Plaintiffs' respectfully requests that Defendants' Motion to Enlarge Time for Completion of Discovery and for Defendants' Disclosure of Expert Witnesses be DENIED.  Alternatively, if such Motion is granted, Plaintiffs respectfully request that the Court modify the Court's Order as set forth on pages two (2) and three (3) above.

DATED this 28th day of October 2015.

                MCCONNELL WAGNER SYKES & STACEY PLLC

                BY:    **/s/** Geoffrey J. McConnell
                          Geoffrey J. McConnell
                          Attorneys For Plaintiff Tri-State Electric, Inc.,
                          and Apex Enterprises, Inc.,

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of October 2015, I electronically filed the foregoing using the CM/ECF system which sent a Notice of Electronic Filing to the following:

| |
|---|
| David T. Krueck<br>Greener Burke Shoemaker Oberrecht P.A.<br>950 W. Bannock Street, Suite 950<br>Boise, ID 83702<br>Telephone: (208) 319-2600<br>Facsimile: (208) 319-2601<br>Email: dkrueck@greenerlaw.com |
| *Counsel for Western Surety Company and Defendant/Counterclaimant Sygnos, Inc* |

                      **/s/** Geoffrey J. McConnell
                      Geoffrey J. McConnell