# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| TRI-STATE ELECTRIC, INC., an Idaho corporation, and UNITED STATES OF AMERICA for the use and benefit of APEX ENTERPRISES, INC., an Idaho corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WESTERN SURETY COMPANY, a South Dakota corporation, and SYGNOS, INC., a California corporation,<br><br>        Defendants, | Case No.: 1:14-cv-00245-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO STRIKE TRI-STATE ELECTRIC, INC.'S ACCEPTANCE OF OFFER OF JUDGMENT**<br><br>**(Docket No. 29)** |

SYGNOS, INC., an Arizona corporation,

        Counterclaimaint,

    vs.

APEX ENTERPRISES, INC., an Idaho corporation,

        Counterdefendant,

---

Now pending before the Court is Defendant Western Surety Company's ("Western") and Defendant/Counterclaimant Syngos, Inc.'s ("Syngos") Motion to Strike Plaintiff Tri-State Electric, Inc.'s ("Tri-State") Acceptance of Offer of Judgment (Docket No. 29). Having carefully reviewed the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER - 1**

## DISCUSSION

This consolidated case arises out of a construction project at the Boise VA Medical Center. Though its many moving parts are important to the substantive intricacies of the parties' respective claims and defenses, the instant Motion focuses upon the scope of Defendants' Offer of Judgment and, relatedly, the effect of Tri-State's "acceptance" of the same.

On September 1, 2015, Defendants' counsel delivered the at-issue Offer of Judgment to Plaintiffs' counsel (Plaintiffs are represented by the same law firm). The Offer of Judgment reads:

> COME NOW Defendant Western Surety Company ("Western") and Defendant/Counterclaimant Sygnos, Inc. ("Sygnos"), referred to collectively hereinafter as "Defendants," by and through their counsel of record David T. Krueck and Thomas J. Lloyd III of the firm GREENER BURKE SHOEMAKER OBERRECHT P.A., and pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offer to allow judgment to be taken against them in the amount of ONE HUNDRED EIGHTY THOUSAND DOLLARS AND 00/100s ($180,000.00), inclusive of any and all attorney fees and costs allowed by contract or law incurred to date, and inclusive of all claims and counterclaims in this case.
>
> This Offer of Judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed either as an admission that said Defendants are liable in this action or that the Plaintiffs have suffered any damage.

Offer of J., p. 2, attached as Ex. A to Tri-State's Accept. of Offer of J. (Docket No. 28) (capitalization in original). Within the 14 day time-period for acceptance pursuant to FRCP 68(a), Plaintiff Tri-State served written notice of its acceptance of the Offer of Judgment, stating:

> **COMES NOW**, Tri-State Electric, Inc., for itself and for no other party to this lawsuit, and by and through its counsel of record, Geoffrey J. McConnell, of McConnell Wagner Sykes & Stacey, PLLC and, in accordance with Rule 68 of the Federal Rules of Civil Procedure, Tri-State Electric, Inc. Hereby accepts that Offer of Judgment of Defendant Western Surety Company and Defendant/Counterclaimant Sygnos, Inc. (collectively "Defendants") and served by said Defendants on or about September 1, 2015, in the amount of ONE HUNDRED EIGHTY THOUSAND DOLLARS AND 00/100s ($180,000.00) which judgment, when entered, shall be

**MEMORANDUM DECISION AND ORDER - 2**

deemed to include all claims and counterclaims recoverable, including any attorney fees allowed by contract or the law, and costs incurred to date.  A true and correct copy of the Offer of Judgment is attached hereto as Exhibit A.

Tri-State's Accept. of Offer of J. (Docket No. 28) (capitalization, bolding, and underlining in original).  The next day, Defendants filed their Motion to Strike, arguing:

> The basis for this Motion is that the Offer of Judgment was not accepted according to the plaint and unambiguous terms of the Offer, which premised the Offer of Judgment as being "inclusive of *all* claims and counterclaims in this case" . . ., as the purported "Acceptance" of the Offer was filed by counsel for both Plaintiffs on behalf of a sing Plaintiff, Tri-State Electric, Inc.  Because the Offer of Judgment was not accepted according to its terms, the Acceptance filed by Tri-State Electric, Inc. Is ineffective as a matter of law and should be stricken (or, in the alternative, merely deemed an ineffective acceptance).

Mot. to Strike, p. 2 (Docket No. 29) (italics in Motion, not Offer of Judgment).

Thus, as evidenced by the volley of filings on this point, the issue before the Court is whether Defendants' Offer of Judgment was conditioned upon the acceptance of *each* Plaintiff to this action – not just Tri-State.  The undersigned concludes that this is indeed the case and that, based upon its terms, the Offer of Judgment could not be accepted in piecemeal fashion.  The Court's reasoning is based upon the well settled rule that FRCP 68 offers of judgment are enforceable according to their terms, and that their terms are to be determined according to the "usual rules of contract construction."  *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997); *see also Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994) ("In determining whether an offer is proper under Rule 68, courts will apply traditional principles of contract construction."); Fed. R. Civ. P. 68(a) ("At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment *on specified terms*, with the costs then accrued.") (emphasis added).  Therefore, "[t]he offeror is the master of his offer; just as the making of any offer at all can be avoided by appropriate language or other conduct, so the

**MEMORANDUM DECISION AND ORDER - 3**

power of acceptance can be narrowly limited." RESTATEMENT (SECOND) OF CONTRACTS § 29 (1981). As such "[a]n offer not accepted by its terms is rejected." *Lang*, 36 F.3d at 75. Any ambiguities, however, are construed against the drafter. *See Erdman v. Coshise Cnty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991).

Unapportioned offers are not *per se* invalid. *See Doe v. Keala*, 361 F. Supp. 2d 1171, 1179 (D. Haw. 2005). However, "[i]n general, contract terms are to be given their ordinary meaning, . . . and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1549 (9th Cir. 1989) (citations omitted). Here, the plain language of Defendants' Offer of Judgment provides a proposal to pay $180,000.00 to Plaintiffs Tri-State and Apex, in return for a judgment in this cause of action. This is so because the Offer of Judgment specifically makes reference to "*all claims and counterclaims in this case*" as well as the fact that it should not be construed "as an admission that . . . *Plaintiffs* have suffered any damage." Offer of J., p. 2 attached as Ex. A to Tri-State's Accept. of Offer of J. (Docket No. 28) (emphasis added). By its terms, Defendants' Offer of Judgment is conditioned upon the full and final resolution of the litigation in its entirely. Nothing within Defendants' Offer of Judgment could be interpreted as contemplating anything short of Plaintiffs' joint acceptance. Defendants could have been more precise with their wording, but any lack of absolute clarity in this respect is not an ambiguity permitting Tri-State to opportunistically "accept" the full amount of the $180,000 Offer of Judgment for only itself, while on the other hand leaving Apex's claims against Defendants intact heading toward trial. Such an interpretation would frustrate the understood terms and objective of Defendants' Offer of Judgment.

**MEMORANDUM DECISION AND ORDER - 4**

Accordingly, Tri-State's purported acceptance of an offer of $180,000.00 on its behalf only is not valid and, to this extent, Defendants' Motion to Strike is granted.  The Court declines to further analyze the propriety of Defendants' unapportioned Offer of Judgment (and, likewise, its potential negative impacts upon Defendants), as the issue of whether "any judgment finally. . . obtain[ed] is not more favorable than the unaccepted offer" is not presently before it (nor can it be given the ongoing status of the action).  Fed. R. Civ. P. 68(d).

## **ORDER**

Based on the foregoing IT IS HEREBY ORDERED that  Defendants' Motion to Strike Plaintiff Tri-State Electric, Inc.'s Acceptance of Offer of Judgment (Docket No. 29) is GRANTED.  Tri-State's attempted acceptance of Defendants' Offer of Judgment amounts to a rejection of the same.



DATED:  **June 27, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**